UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN DOUGLAS MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01307-NCC |
| | ) | |
| JULIE INMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Kevin Douglas McGee for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently in the custody of the Southeast Missouri Mental Health Center in Farmington, Missouri. According to his own calculations, he has been a ward of the State of Missouri for thirty-seven years. During that time, he has been a frequent litigator in the United States District Court for the Eastern District of Missouri. Since 1997, plaintiff has filed at least seventeen petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All of these petitions have been denied and dismissed, either for a failure to exhaust state

remedies, untimeliness, or for failure to comply with a court order.[1] In addition, plaintiff has filed

at least eight other civil actions, all of which have been dismissed pursuant to either 28 U.S.C.

§ 1915(e) or Fed. R. Civ. P. 41(b).[2]

On October 12, 2021, plaintiff filed the instant action in the United States District Court

for the Western District of Missouri. Along with the complaint, plaintiff filed a motion for leave

to proceed in forma pauperis. On October 25, 2021, the Western District determined that venue

was proper in this Court because the events giving rise to the claim occurred in the Eastern District

---

[1] *See McGee v. Reeves, et al.*, No. 4:97-cv-1703-FRB (E.D. Mo. Dec. 3, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. State of Missouri*, No. 4:97-cv-1935-FRB (E.D. Mo. Dec. 3, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Limbaugh*, No. 4:97-cv-2299-TIA (E.D. Mo. Dec. 24, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Limbaugh*, No. 4:97-cv-2384-CAS (E.D. Mo. Dec. 29, 1997) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Menditto, et al.*, No. 4:04-cv-139-CAS (E.D. Mo. Aug. 10, 2004) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Menditto, et al.*, No. 4:05-cv-528-FRB (E.D. Mo. June 13, 2005) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Ring*, No. 4:09-cv-821-CAS (E.D. Mo. June 4, 2009) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Schmitt*, No. 4:16-cv-1093-CEJ (E.D. Mo. Nov. 30, 2016) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies); *McGee v. Stringer*, No. 4:17-cv-258-ACL (E.D. Mo. Feb. 28, 2017) (28 U.S.C. § 2254 petition dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court order); *McGee v. Stringer, et al.*, No. 4:17-cv-1490-RLW (E.D. Mo. June 21, 2017) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Schmitt*, No. 4:17-cv-2366-NCC (E.D. Mo. Nov. 3, 2017) (28 U.S.C. § 2254 petition dismissed as time-barred); *McGee v. Hacker*, No. 4:19-cv-1205-HEA (E.D. Mo. July 23, 2019) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies); *McGee v. Schmidtt*, No. 4:19-cv-3214-SRC (E.D. Mo. July 22, 2020) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies); *McGee v. Inman*, No. 4:20-cv-345-SRC (E.D. Mo. Mar. 10, 2020) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Inman, et al.*, No. 1:20-cv-116-NAB (E.D. Mo. July 13, 2020) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); *McGee v. Inman*, No. 4:20-cv-720-NAB (E.D. Mo. July 14, 2020) (28 U.S.C. § 2254 petition dismissed for failure to exhaust state remedies); and *McGee v. Hacker*, No. 4:20-cv-1575-NAB (E.D. Mo. Jan. 6, 2021) (28 U.S.C. § 2254 petition dismissed as time-barred and for failure to exhaust state remedies).

[2] *See McGee v. Limbaugh, et al.*, No. 1:97-cv-128-CAS (E.D. Mo. Aug. 26, 1997) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous or for failure to state a claim); *McGee v. State of Missouri, et al.*, No. 1:97-cv-144-CAS (E.D. Mo. Dec. 2, 1997) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim); *McGee v. Limbaugh, et al.*, No. 1:97-cv-167-CAS (E.D. Mo. Jan. 8, 1998) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous or for failure to state a claim); *McGee v. Limbaugh, et al.*, No. 1:97-cv-181-ERW (E.D. Mo. Dec. 26, 1997) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous or for failure to state a claim); *McGee v. Stringer, et al.*, No. 4:17-cv-259-RWS (E.D. Mo. Feb. 3, 2017) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and sovereign immunity); *McGee v. Stringer*, No. 4:19-cv-1190-DDN (E.D. Mo. May 3, 2019) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as time-barred); *McGee v. Schmitt, et al.*, No. 4:19-cv-2477-CDP (E.D. Mo. April 17, 2020) (42 U.S.C. § 1983 action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); and *McGee v. Inman, et al.*, No. 4:21-cv-1308-NAB (E.D. Mo. Dec. 22, 2021) (42 U.S.C. § 1983 action dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to submit an amended complaint as ordered).

of Missouri, and because defendants were located within the Eastern District. The Western District

therefore transferred the matter pursuant to 28 U.S.C. § 1404(a).

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming CCO Julie Inman

and CEO Denise Hacker as defendants. (Docket  No. 1 at 1). Both defendants are employed by the

Southeast Missouri Mental Health Center, and are sued in their individual capacities only. The

complaint is handwritten on a Court-provided civil rights complaint form.

In the section of the complaint for plaintiff's "Statement of Claim," plaintiff has written:

"N/A See Attached." (Docket No. 1 at 3). Attached to the complaint are what appear to be eighteen

separate exhibits comprising thirty-six total pages. (Docket No. 1-1). The Court will go through

the exhibits in turn.

The first exhibit is a handwritten letter signed by plaintiff and directed to his guardian-ad-

litem. (Docket No. 1-1 at 1). The letter concerns plaintiff's arrest on December 27, 1987. In it,

plaintiff explains that he was terminated from his job, started a new job at Pizza Hut, and was then

"set up" by law enforcement officers who "wired" him, gave him $1,000 in marked bills, and "then

set up a potential bust." (Docket No. 1-1 at 1-2). Plaintiff purchased what he thought was 3 grams

of cocaine, which he tried to resell. (Docket No. 1-1 at 2-3). It later turned out that plaintiff had

actually purchased and resold "flour" rather than cocaine. (Docket No. 1-1 at 3). In any event,

plaintiff states that he was the one who ended up getting arrested, instead of the person who sold

him the "cocaine."

The second exhibit is another handwritten letter, signed by plaintiff and dated September

21, 2021. (Docket No. 1-1 at 4). The addressee of the letter is not provided. In the letter, plaintiff

explains that he is being held in the Southeast Mental Health Center against his will, that he has

4

been dealing with paperwork between himself and "the U.S.D.C. in St. Louis," that he has sent an "envelope pertaining to [his] case" that he wants the addressee to look over, and that he is seeking his "freedom."

The third exhibit is a letter from the United States Court of Appeals for the Eighth Circuit, dated February 2, 2021. (Docket No. 1-1 at 5). The letter acknowledges receipt of a petition written by plaintiff and forwarded by the Court of Appeals to the Judicial Council for review.

The fourth exhibit is a Notice of Electronic Filing in the United States District Court for the Eastern District of Missouri, showing that plaintiff paid $5.00 for a writ of habeas corpus in *McGee v. Hacker*, No. 4:19-cv-1205-NAB. (Docket No. 1-1 at 6).

The fifth exhibit is a Memorandum, Order, and Judgment from the Circuit Court of St. Francois County in *McGee v. Weible, et al.*, No. 17-SF-CC00132. (Docket No. 1-1 at 8). The order is dated July 18, 2017, and dismisses plaintiff's apparent attempt to bring a civil action under 42 U.S.C. § 1983. (Docket No. 1-1 at 9).

The sixth exhibit consists of five pages from an order issued by this Court on June 21, 2017. (Docket No. 1-1 at 10-14). In the "Discussion" section of the order, the Court notes that plaintiff is not entitled to relief under 28 U.S.C. § 2254 because his petition is untimely, and because he has failed to exhaust his state remedies.

The seventh exhibit is the first page of an Opinion, Order, and Judgment of the Circuit Court of St. Francois County in *McGee v. Schmit*, No. 18-SF-CC20026. (Docket No. 1-1 at 15). The order is in response to "a proposed order" for defendant to "appear and show cause why a preliminary injunction should not issue." The circuit court notes that defendant is "a frequent target of Plaintiff in his numerous meritless filings in this Court."

The eighth exhibit is a letter from the Clerk of Court for the Eastern District of Missouri, advising plaintiff that his habeas petition has been received in *McGee v. Stringer*, No. 4:17-cv-258-ACL. (Docket No. 1-1 at 16). The letter is dated January 23, 2017.

The ninth exhibit is also a letter from the Clerk of Court for the Eastern District of Missouri, advising plaintiff that his correspondence had been received, and that a U.S.C. 2254 Petition for Writ of Habeas Corpus had been sent to him. (Docket No. 1-1 at 17). The letter is dated April 15, 2019.

The tenth exhibit is a letter from the Clerk of Court for the Eastern District of Missouri dated January 23, 2017, advising plaintiff that his habeas petition in *McGee v. Stringer*, No. 4:17-cv-258-ACL had been filed. (Docket No. 1-1 at 18). It appears to be the same letter that has been attached as the eighth exhibit.

The eleventh exhibit is a letter from the Clerk of the Circuit Court of St. Francois County, dated May 15, 2017. (Docket No. 1-1 at 19). The letter advises plaintiff on the steps he must take to file a Writ of Habeas Corpus in the circuit court.

The twelfth exhibit is an Entry of Appearance by the Missouri Attorney General's Office in *McGee v. Stringer, et al.*, No. 17SF-CC00230. (Docket No. 1-1 at 20). The filing is dated January 2, 2018. (Docket No. 1-1 at 21).

The thirteenth exhibit is an electronic filing notice showing that Case Number 4:19-cv-2477 had been assigned to the Honorable Catherine D. Perry on September 4, 2019. (Docket No. 1-1 at 22).

The fourteenth exhibit is the first page of a show cause response in *McGee v. Stringer, et al.*, No. 17SF-CC0088 and 17SF-CC0089. (Docket No. 1-1 at 23). The response argues that the circuit court should deny the petition.

The fifteenth exhibit is a letter from the Clerk of Court for the Eastern District of Missouri dated November 19, 2019. (Docket No. 1-1 at 24). The letter states only: "Please find included with this letter forms requested."

The sixteenth exhibit is a mailing envelope addressed to the Clerk of Court for the Eastern District of Missouri. (Docket No. 1-1 at 25). The return address corresponds to plaintiff. The mailing envelope has been stamped "Filed" on December 4, 2019.

The seventeenth exhibit is an electronic filing notice showing that Case Number 4:19-cv-3214 had been assigned to the Honorable Stephen R. Clark on December 6, 2019. (Docket No. 1-1 at 26).

Finally, the eighteenth exhibit consists of two pages of a court order in Case Number 4:19-cv-3214-SRC, directing plaintiff to file an amended 28 U.S.C. § 2254 petition within thirty days. (Docket No. 1-1 at 27). The court order is dated April 24, 2020. (Docket No. 1-1 at 28).

There is no mention of the named defendants in this case in any of the exhibits, much less allegations against them. Nevertheless, plaintiff seeks $3,000,000 in damages. (Docket No. 1 at 2).

On November 9, 2021, the Court received a document from plaintiff titled "Motion to Set Aside Case." (Docket No. 7). The document was handwritten on lined notebook paper, and had a caption indicating that it was to be filed in the 24th Judicial Circuit, St. Francois County. (Docket No. 7 at 1). In the motion, plaintiff states that he "is unlawfully confined in the voluminous Southeast [Missouri] Mental Health Center," and that he "is being deprived of his freedom and does believe his life is in [jeopardy]." He further notes that he has filed motions seeking release "from his present environment, because of his belief that he is being retaliated against for his effort to stand up for his rights." (Docket No. 7 at 1-2).

Plaintiff also suggests that his confinement is in violation of the Fifth, Eleventh, Thirteenth, and Fourteenth Amendments. (Docket No. 7 at 2). He notes that "he has been incarcerated in a [severe] institution and a ward of the State of Missouri for 37 years," even though he was initially charged with second-degree assault and second-degree flourishing of a weapon, charges that only carried a two-year prison sentence. Plaintiff contends that he has "served over a natural life sentence," and that he has been retaliated against for "trying to sue the State of Missouri for his complaints."

At the close of his motion, plaintiff states that he is seeking unconditional release pursuant to R.S. Mo. § 552.040. (Docket No. 7 at 3).

Attached to the motion are three separate documents, apparently meant to show plaintiff's efforts in suing the State of Missouri. First, there is the first page of a Memorandum and Order in *McGee v. Schmitt*, No. 4:17-cv-1490-RLW. (Docket No. 7 at 4). Second, there is the first page of a 42 U.S.C. § 1983 action filed in the United States District Court for the Western District of Missouri, and received on October 12, 2021. (Docket No. 7 at 5). The complaint names Julie Inman, Michael Spillane, De Rich Gowdy, Mark Stringer, Stephen Hawkes, and Debra Miles as defendants. Third, plaintiff has included the first page of the instant complaint, originally filed in the Western District and naming Julie Inman and Denise Hacker as defendants. (Docket No. 7 at 7).

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, naming Julie Inman and Denise Hacker as defendants. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

## A. Individual Capacity Claims

Plaintiff has sued defendants in their individual capacities only.[3] Individual liability in a

42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017).

In other words, "Government officials are personally liable only for their own misconduct." *S.M.*

*v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link

to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128,

1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also*

*Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims

because none of the defendants set plaintiff's bail, and therefore, "there can be no causal

connection between any action on the part of the defendants and any alleged deprivation" of

plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the

challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has not adequately alleged the personal responsibility of defendants

Inman and Hacker for violating his constitutional rights. There is nothing in the complaint, the

attachments to the complaint, or the motion to indicate that defendants acted to deprive plaintiff of

his rights or harmed him in any way. Far from connecting defendants to the challenged action,

neither defendant is even mentioned anywhere in the "Statement of Claim," the exhibits attached

to the complaint, or the subsequent motion. Rather, defendants appear only in the case caption,

---

[3]The Court notes that if plaintiff had sued defendants in their official capacities, those claims would be subject
to dismissal as well. An official capacity claim against an individual is treated as a claim against the individual's
employer. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues
public employees in their official, rather than individual, capacities sues only the public employer"). In this case,
defendants are alleged to be employed by the State of Missouri. An official capacity claim for money damages against
a state employee fails for two reasons. First, a state is not a 42 U.S.C. § 1983 "person." *See Will v. Michigan Dep't of
State Police*, 491 U.S. 58, 71 (1989) (stating that "neither a State nor its officials acting in their official capacity are
'persons' under § 1983"). Second, sovereign immunity prevents plaintiff from bringing an official capacity claim for
money damages against a state employee. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999)
("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

and nowhere else. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations). For these reasons, the individual capacity claims against defendants must be dismissed.

### B. Failure to State a Claim

As discussed above, plaintiff has failed to state a claim against defendants Inman and Hacker. The Court further notes that plaintiff's allegations, such as they are, do not state a conditions of confinement claim whatsoever.

Plaintiff is a civilly committed individual. A person who has been civilly committed cannot "be punished without running afoul of the Fourteenth Amendment." *See Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021). "[T]his prohibition against punishment encompasses conditions of confinement." *Id*. There are two ways to determine whether conditions rise to the level of punishment. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Id*. Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon a person who has not been convicted of a crime. *Id*.

In this case, plaintiff points to no specific conditions of confinement as being unconstitutionally punitive. Indeed, there is no mention of a particular condition of confinement at all. Rather, plaintiff vaguely suggests his belief that "his life is in [jeopardy]," though he does not attempt to explain why. It appears that he is chiefly upset that he has served more time in commitment than he would otherwise have served had he been criminally convicted in 1987. This does not demonstrate that his current conditions of confinement at the Southeast Missouri Mental Health Center violate the constitution, or have actually placed him at risk for harm.

"A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018). In addition, while the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). The allegations in both plaintiff's complaint and subsequent motion – as well as the material in the attached exhibits – are either irrelevant, vague, or conclusory, and do not support the inference that any constitutional violation has been committed. Because plaintiff has not presented facts sufficient to assert a plausible claim for relief, he has failed to state a claim regarding his conditions of confinement.

### C.  Motion to Set Aside Case

Plaintiff's complaint has been construed as a civil rights action under 42 U.S.C. § 1983. The complaint was filed on a Court-provided § 1983 form, named two defendants in their individual capacities, and sought $3,000,000 in damages. Subsequent to the complaint, however, plaintiff submitted a motion in which he appears to seek immediate release from his commitment under a Missouri statute. (Docket No. 7).

Leaving aside the Court's ability to use a state statutory provision to terminate his commitment, the Court notes that a 42 U.S.C. § 1983 action cannot be used to secure plaintiff's release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); and *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release). The Court cannot grant plaintiff release via a 42 U.S.C. § 1983 action. Therefore, plaintiff's motion will be denied.

If plaintiff wishes to challenge the constitutionality of his civil commitment, he must do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before doing so, however, he must first exhaust his state court remedies by seeking conditional or unconditional release under R.S. Mo. § 552.040 in state court. *See Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). If the request for release is denied, he must appeal to the Missouri Court of Appeals. *Id*. In other words, he "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

12

**IT IS FURTHER ORDERED** that plaintiff's motion to set aside case (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of January, 2022.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**